NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3340

MARGARET M. GARRETT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Margaret M. Garrett, of Memphis, Tennessee, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Jeffrey A. Gauger, Attorney.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3340

MARGARET M. GARRETT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752080234-I-1.

_____

DECIDED: May 7, 2009

_____

Before MICHEL, Chief Judge, DYK and MOORE, Circuit Judges.

PER CURIAM.

Petitioner Margaret Garrett appeals the final decision of the Merit Systems Protection Board (Board). Garrett v. United States Postal Serv., No. AT0752080234-I-1 (M.S.P.B. June 19, 2008). The Board dismissed Ms. Garrett's appeal for lack of jurisdiction because she did not make a non-frivolous allegation that she was entitled to appeal to the Board. We affirm.

Ms. Garrett was a window clerk for the United States Postal Service (USPS) in Memphis, Tennessee. She was removed for absence without leave and failure to meet the attendance requirements of her position. She appealed to the Board. The USPS moved to dismiss the appeal for lack of jurisdiction, arguing that Ms. Garrett was not

one of the types of USPS employees that is entitled to appeal to the Board pursuant to 39 U.S.C. § 1005(a):

> Subchapter II of chapter 75 of title 5 shall apply - (i) to any preference eligible in the Postal Service who is an employee within the meaning of section 7511(a)(1)(B) of such title; and (ii) to any other individual who - (I) is in the position of a supervisor or a management employee in the Postal Service, or is an employee of the Postal Service engaged in personnel work in other than a purely nonconfidential clerical capacity; and (II) has completed 1 year of current continuous service in the same or similar positions.

The administrative judge (AJ) issued an order to show cause explaining this requirement to Ms. Garrett and directing her to file evidence and argument to prove that her appeal was within the Board's jurisdiction. In response, Ms. Garrett argued that she was preference eligible because she was the daughter of a veteran. The Board considered § 1005(a) as well as other possible bases for its jurisdiction, concluded that there was no factual dispute bearing on the issue of jurisdiction, and ruled that it lacked jurisdiction over Ms. Garrett's appeal. Following a petition for review, the initial decision became final on June 19, 2008. Ms. Garrett now timely petitions for review.

The scope of the Board's jurisdiction is a question of law, which we review <u>de novo</u>. <u>Johnston v. Merit Sys. Prot. Bd.</u>, 518 F.3d 905, 909 (Fed. Cir. 2008). "The Board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdiction by law, rule or regulation." <u>Id.</u> Ms. Garrett has the burden of proving that the Board has jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i).

The Board has jurisdiction over USPS employees in a variety of circumstances, such as those enumerated by § 1005(a). For example, Ms. Garrett alleges that she is a preference eligible. The term "preference eligible" is defined by 5 U.S.C. § 2108(3), and

although it includes certain veterans, widows of certain veterans, spouses of certain veterans, and so forth, it does not include children of veterans. As such, Ms. Garrett cannot rely on an alleged preference eligible status to establish the Board's jurisdiction.[1] Since she has not alleged or provided any evidence of any other basis for jurisdiction, we affirm the Board's decision that it lacked jurisdiction over Ms. Garrett's appeal.

COSTS

No costs.

---

[1]    Although Ms. Garrett complains that the USPS failed to respond to a discovery request to submit her agency file, there is no showing that such a failure caused any prejudice.